# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:26-cv-00247-MR

| | | |
|---|---|---|
| QUANTARIUS STINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| LESLIE COOLEY DISMUKES, | ) | |
| Secretary, North Carolina | ) | |
| Department of Adult Correction, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas

Corpus filed by Quantarius Stinson ("Petitioner") pursuant to 28 U.S.C. §

2254 on March 26, 2026. [Doc. 1].

## I.    BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. [Doc. 1].

The Petitioner was convicted on November 26, 2019, in the Mecklenburg

County Superior Court, on six counts of Trafficking in Schedule I controlled

substances.[1]    Petitioner's convictions were consolidated for purposes of

---

[1]    See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=
1630889&searchOffenderId=1630889&searchDOBRange=0&listurl=pagelistoffendersea
rchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

sentencing, and he received an active term of imprisonment of 225 to 282 months. [NCDAC Database]. Petitioner's projected release date from imprisonment is November 22, 2039. [Id.].

Following Petitioner's trial, he appealed to the North Carolina Court of Appeals. State v. Stinson, No. COA20-890 (N.C. App. Mar. 15, 2022) (unpublished). Petitioner raised, as his sole ground for appeal, the trial court's alleged failure to give a certain jury instruction. Id., slip op. at 1. The appellate court affirmed the Petitioner's convictions and sentence concluding that he "received a fair trial, free from reversible error." Id., slip op. at 6. The Petitioner did not seek further direct review in either the North Carolina Supreme Court or the U.S. Supreme Court. [Doc. 1 at 2-3].

Petitioner filed his § 2254 action in this Court on March 26, 2026, raising two claims: (1) an Eighth Amendment excessive bail violation and (2) a Sixth Amendment speedy trial violation. [Doc. 1 at 5]. As for whether the Petitioner commenced any post-conviction litigation in the state court, his § 2254 petition is contradictory. On page 3 of his filing, the Petitioner asserts that, other than his direct appeal, he filed some previous state court petition, application, or motion raising an 8th Amendment challenge to his state court judgment. [Id. at 3]. The Petitioner, however, later states that he never raised this 8th Amendment claim in any post-conviction motion or petition for writ of

habeas corpus in state court.  [Id. at 6].  In an effort to elicit more historical facts from the Petitioner, the Court entered an Order April 6, 2026, directing him to file a document explaining why his § 2254 petition should not be dismissed as untimely including whether equitable tolling was applicable. [Doc. 3]. The Court also directed the Petitioner to explain whether he had, in fact, filed some previous state court petition, application, or motion raising an 8th Amendment challenge to his state court judgment.  [Id. at 4].

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.   28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The North Carolina Court of Appeals affirmed the Petitioner's judgment of conviction and sentence in its decision filed on March 15, 2022. Stinson, slip op. at 1. The Petitioner did not seek further direct review in the North Carolina Supreme Court. [Doc. 1 at 2]. The Petitioner's convictions thus became final thirty-five days later, on April 19, 2022. See N.C.R. App. P. Rules 14(a) and 15(b) (15 days from the issuance of the Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review in North Carolina Supreme Court); and Rule 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed).

The AEDPA's one-year statute of limitations began running on April 19, 2022, and nothing else appearing, ran for 365 days until it expired on April 19, 2023. Thus, the § 2254 petition filed herein March 26, 2026, would be untimely. If the Petitioner did file any Motion for Appropriate relief or other post-conviction litigation in state court between the date of his convictions and April 19, 2023, the AEDPA's limitations period may have been tolled during the pendency and any appeal of such post-conviction action.

4

On April 24, 2026, the Petitioner filed a Response to the Court's Order. [Doc. 4]. The entirety of the Petitioner's Response states:

> dear court judge, your honor, you asking me why my case in your courts shall not be dismissed as untimely and i say why because again i had no knowing of all about a writ of habeas corpus up until now, and i also did not know that the us constitution had to put a time on it and not be dismissed cause of us constitutions being denied as us constitutional, and being unconstitutionally held as a free person of my rights you honor and how could i file something i did not know about at the time.

[Doc. 4 (errors uncorrected)]. As can be seen from the Petitioner's Response, the Petitioner neither directly addressed the timeliness of his § 2254 petition nor clarified whether he filed some previous state court petition, application, or motion raising an 8th Amendment challenge to his state court judgment.

There is nothing before the Court indicating that the Petitioner commenced any state post-conviction litigation. As such, his § 2254 petition brought in this Court is filed well beyond the AEDPA's statute of limitations. Thus, the § 2254 petition is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is entitled to equitable tolling of the statute of limitations.

Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way" to prevent timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  It is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

In his Response addressing the timeliness of his § 2254 petition, the Petitioner simply states that he was unaware of the relief available under 28 U.S.C. § 2254 until he filed his petition in accordance therewith: "i had no knowing of all about a writ of habeas corpus up until now[.]"  [Doc. 4]. The Petitioner's ignorance of the law does not constitute the type of extraordinary circumstances that would justify the application of equitable tolling as established by the Supreme Court. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling). The Petitioner's Response fails to establish that he is entitled to equitable tolling to excuse the untimeliness of his § 2254 petition.

As mentioned above, the Petitioner never addressed whether he filed some previous state court petition, application, or motion raising an 8th

Amendment challenge to his state court judgment which could have tolled the running of the AEDPA limitations period. Had he done so, however, such challenge (including any Sixth Amendment speedy trial violation challenge) would have been denied as procedurally defaulted.

The doctrine of procedural default would bar the Petitioner from pursuing his Sixth and Eighth Amendment claims by way of a Motion for Appropriate Relief ("MAR") in North Carolina. "A procedural default ... occurs when a habeas petitioner fails to exhaust available remedies in state court and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.' " Breard, 134 F.3d at 619 (4th Cir. 1998) (quoting Coleman, 501 U.S. at 735 n.1). In this case, the Petitioner did not raise these two alleged constitutional challenges in his direct appeal filed with the North Carolina Court of Appeals. If the Petitioner were to bring these two constitutional claims now in an MAR, they would be barred by N.C. Gen. Stat. § 15A-1419(a)(3) (MAR should be denied when, upon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so).

The only way for the Petitioner to avoid procedural default is through a showing of "cause and actual prejudice." Reed v. Ross, 468 U.S. 1, 11 (1984)

(citation omitted). "Cause for a procedural default . . . ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." <u>Murray</u>, 477 U.S. at 492. To establish prejudice, the prisoner must show not merely a substantial federal claim, such that " 'the errors at ... trial created a possibility of prejudice,' but rather that the constitutional violation 'worked to his actual and substantial disadvantage.' " <u>Id.</u> at 494 (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)).

The Petitioner cannot show cause or actual prejudice for his defaulted claims. The Petitioner has not alleged any "external impediment" that prevented him from raising the alleged Eighth Amendment excessive bail violation and the Sixth Amendment speedy trial violation in his direct appeal. Even if the Petitioner could show cause, which he has not, he cannot demonstrate that the error worked to his actual and substantial disadvantage. The Petitioner has offered nothing to show that his pretrial detention due to an allegedly excessive bail in any way harmed his trial preparation or that excessive delay in proceeding to trial otherwise affected the trial's outcome. The Petitioner's claims are therefore procedurally defaulted. Accordingly, even if the Petitioner's § 2254 petition were timely filed, the claims that he has raised in this Court would have to be denied based upon adequate and independent state procedural grounds.

8

## IV. CONCLUSION

For the reasons set forth above, the Petitioner's § 2254 petition will be dismissed. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**;

2. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

3. The Clerk of Court is respectfully directed to close this case.

9

**IT IS SO ORDERED.**

Signed: May 13, 2026

Martin Reidinger
Chief United States District Judge